IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. ) No. 6:21-cr-00408-MC-1
)
MEERAALI SHAIK, )
)
Defendant. )

Status Conference

TRANSCRIPT OF PROCEEDINGS

BEFORE THE HONORABLE MICHAEL J. McSHANE

CHIEF UNITED STATES DISTRICT COURT JUDGE

December 30, 2024

APPEARANCES

FOR THE PLAINTIFF:

GAVIN W. BRUCE
U.S. Attorney's Office
405 E. 8th Avenue
Suite 2400
Eugene, OR 97401

FOR THE PLAINTIFF:

WILLIAM M. McLAREN
U.S. Attorney's Office
405 E. 8th Avenue
Suite 2400
Eugene, OR 97401

FOR THE DEFENDANT:

SAMUEL C. KAUFFMAN
Kauffman Kilberg LLC
1050 S.W. 6th Avenue
Suite 1414
Portland, OR 97204

COURT REPORTER: Lindsey A. Weresch, RMR, CRR, CSR
United States District Courthouse
1000 S.W. Third Avenue, Room 301
Portland, Oregon 97204
(503)326-8047

(Monday, December 30, 2024, 10:02 a.m.)

**P R O C E E D I N G S**

(Whereupon, the following proceedings were held in open court:)

THE COURTROOM DEPUTY CLERK: The United States District Court for the District of Oregon is now in session, the Honorable Michael J. McShane presiding. Now is the time set for Criminal Case 21-00408, Meeraali Shaik, status hearing.

THE COURT: All right. And I see that Mr. McLaren and Mr. Bruce are here for the Government. We have Mr. Kauffman for Mr. Shaik, who's being helped by our interpreter, Mr. Varanasi.

THE INTERPRETER: Good morning, Your Honor.

THE COURT: Good morning. Thank you.

Mr. Kauffman, why don't I start with you. Where are we at with the discovery and perhaps resolution by trial or -- or something else?

MR. BRUCE: Your Honor, it might make sense for me to maybe give an overview and -- and -- just to start, if you wouldn't mind.

THE COURT: That would be fine, Mr. Bruce. I'm just guessing as to who has the information here that I need. So why don't we start with --

MR. BRUCE: And I believe it may be -- I believe it may be me this time.

THE COURT: Okay.

MR. BRUCE: So to give an update on discovery, as of this date, the IRS has scanned over 100,000 pages of material, which was -- those included invoices and other tax documents and business documents that we discovered that were seized by -- by the FBI, pursuant to search warrants executed in 2017.

The Government's also handed over to the defendant approximately 15 electronic devices and eight electronic storage devices, which were also seized as part of that search warrant.

What we've found during our investigation of how this occurred is that the -- there was an investigation as a -- it started out as an investigation into human trafficking in 2016 by the FBI. And in 2017 the search warrants were executed, and financial documents were seized as part of that execution of those search warrants.

After consideration, the Government did not pursue the human trafficking charges; however, the investigation revealed potential tax charges. And the IRS began its own investigation into those potential tax charges.

While the IRS agents were aware of the 2017 search, the entirety of the material in FBI's custody and control was not transferred to the IRS. Instead, the agents reviewed, scanned and obtained some of those documents in FBI's custody, but then proceeded with its own investigation.

Given the discontinuation of the human trafficking investigation, the FBI stopped its investigation and believed its obligations were satisfied. And the IRS believed that no additional involvement from the FBI was needed.

During this prosecution, it was -- well, it was pretrial negotiations in this case -- the Government had requested material from FBI and IRS and had disclosed nine volumes, which did consist of over 53,000 pages of material, including -- and until the Government learned of this additional material in November of 2004 [sic], the Government was satisfied, counsel was satisfied, that the full universe of discovery had been provided by those agencies.

Our inquiry has revealed that there was no affirmative misconduct or an attempt to conceal or obfuscate the evidence, but instead that the discrepancy appears to be one of a mistake: One agency believing that the other was aware and had provided all material, while the other believed that additional necessary material would be sought and requested as needed.

THE INTERPRETER: Sorry, Mr. Bruce. The interpreter would like you to say that one more time, please.

MR. BRUCE: So the Government's inquiry revealed no affirmative misconduct or an attempt to conceal or obfuscate the evidence. Instead, the discrepancy appears to be a mistake, where one entity believed that the other was aware and

had provided all relevant material, while the other believed that additionally -- additional material would be sought and requested as needed.

THE INTERPRETER: Yes, sir.

MR. BRUCE: At this point all the documents have been -- our office is still processing them. Those -- the processing has taken longer, given to the fact that some of the files -- scanned files needed to be re-provided to the U.S. Attorney's Office, so that process is ongoing.

THE INTERPRETER: Yes, sir.

MR. BRUCE: However, given the -- given the discovery of this quantity of material this late in this case and the -- and the -- the sheer scope of what has occurred here, our office has sought approval and received approval from the Department of Justice Tax Division to file a motion to dismiss the indictment with prejudice in this case. And the Government does intend to file that motion with the Court.

THE INTERPRETER: Yes, sir.

THE COURT: All right. Thank you, Mr. Bruce.

MR. BRUCE: And I --

THE COURT: Go ahead.

MR. BRUCE: All I was going to say is I'm happy to answer any other questions that the Court may have.

THE INTERPRETER: Yes, Your Honor.

THE COURT: I think, given the volume of the type of

discovery we're talking about, the Government's approach is appropriate.

Mr. Kauffman, I'm assuming you will not be objecting once the order is filed. And I will have that signed and entered as soon as it's brought to me.

THE INTERPRETER: Yes, sir.

THE COURT: Mr. Kauffman, anything you'd like to add?

MR. KAUFFMAN: No, Your Honor. Thank you.

THE COURT: All right. Unless there's anything else we need to discuss, I will be signing the order once it's entered.

Mr. Bruce, will that come in this week?

MR. BRUCE: That will come in today, Your Honor.

THE COURT: Okay. I will have Ms. Pew electronically sign that for me, and that will be entered then as soon as it comes in.

All right. Thank you, folks. I really appreciate your work on this.

I do appreciate the Government's -- I know the Government had to do a lot of work to try to figure out how this occurred, and I do appreciate really a good-faith approach to taking a look at this and being open and transparent about it. Thank you.

THE INTERPRETER: Thank you, Your Honor.

THE COURT: All right. We'll be in recess. Thank

you.

* * *

(Court adjourned, 12-30-24 at 10:13 a.m.)

C E R T I F I C A T E

United States of America v. Meeraali Shaik

Case No. 6:21-cr-00408-MC-1

Status Conference

December 30, 2024

I certify, by signing below, that the foregoing is a true and correct transcript of the record, taken by stenographic means, of the proceedings in the above-entitled cause. A transcript without an original signature, conformed signature, or digitally signed signature is not certified.

/s/Lindsey A. Weresch, RMR, CRR, CSR
___________________________________

Official Court Reporter        Signature Date: 6/2/2025
Oregon CSR No. 14-0427        CSR Expiration Date: 6/30/2026